IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA RECEIVED
EASTERN DIVISION

2006 OCT -2 P 1: 02

| | |
|---|---|
| EDWARD H. ALEWINE, ) | |
| SHELLY M. ALEWINE, ) | |
| PLAINTIFFS, ) | CASE NUMBER: |
| ) | |
| VS. ) | 3:06CV886-MHT |
| ) | |
| AMERICA'S SERVICING COMPANY, ) | |
| ) | |
| DEFENDANT, ) | |

## COMPLAINT

### STATEMENT OF THE PARTIES

1. The Plaintiff, Edward H. Alewine, is a resident citizen of Chambers County, Alabama over the age of nineteen years.

2. The Plaintiff, Shelly M. Alewine, is a resident citizen of Chambers County, Alabama over the age of nineteen years.

3. The defendant, upon information and belief, is a foreign corporation doing business in the State of Alabama by agent.

### JURISDICTION

4. Jurisdiction is proper in the federal district court based upon federal question jurisdiction and diversity jurisdiction. The underlying action is based upon violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA") codified at 15 USCS § 1692 et seq. and the Real Estate Settlement Practices Act (hereinafter the "RESPA") codified at 12 USCS § 2601 et seq. Further, this Court is authorized under its inherent powers to exercise supplementary

jurisdiction over the common law claims of the plaintiff including negligence and wantonness on the part of the defendants.

## VENUE

**5.** Venue is proper in this Court as the plaintiff's are citizens within this division of the United States District Court and all of or substantially all of the wrongs complained of occurred in this division of the United States District Court.

## COUNT ONE

## VIOLATIONS OF THE FDCPA

**6.** At all times relevant to this complaint the defendant is a debt collector within the meaning of that term as defined by the FDCPA.

**7.** Continuously since August of 2005 the defendant has attempted to collect from the plaintiffs a debt that is not owed in violation of the FDCPA.

**8.** The defendant has also misrepresented the character and amount of the debt in violation of 1692e(2)(A).

**9.** The defendant has also violated 1692e(4) and 1692e(10) in that the defendant has threatened foreclosure without the present legal right to do so and that the defendant has used false representations and deceptive means to attempt to collect a debt.

**10.** The acts of the defendant constitute violations of the FDCPA.

## COUNT TWO

## VIOLATION OF THE RESPA

11. The plaintiffs reallege all prior paragraphs as if set out here in full.

12. On or about October 3, 2005 the plaintiffs mailed to the defendant a Qualified Written Request as that term is defined by the RESPA.

13. The defendant failed to respond to the QWR within the time allowed by law and failed to make the appropriate changes to the plaintiffs' account required by RESPA.

14. As a proximate result, the defendant has violated 12 USCS 2605(e) and is liable to the plaintiffs for actual damages, statutory damages, costs and attorney's fees.

## COUNT THREE

## VIOLATION OF AUTOMATIC BANKRUPTCY STAY

15. The plaintiffs reallege all prior paragraphs as if set out here in full.

16. The plaintiffs commenced a voluntary case under the Bankruptcy Code, by filing a petition which has been assigned the case number 99-05963 and a bar date of April 24, 2000.

17. The debt that gives rise to this lawsuit against the defendants was subject to the automatic stay in this case.

18. The defendant's attempt to collect this debt from the plaintiffs is a violation of the automatic stay provisions of the Bankruptcy Code.

## COUNT FOUR

## NEGLIGENCE

19. The plaintiffs reallege all prior paragraphs as if set out here in full.

20. The defendant owes a fiduciary duty to the plaintiffs to properly collect payments, distribute payments, debit the plaintiffs' account and credit the plaintiffs' account.

21. The defendant breached its duty to the plaintiffs by not properly crediting the plaintiffs account or distributing the plaintiffs payments appropriately despite the plaintiffs making all of their payments in a timely fashion to the defendant.

## COUNT FIVE

## WANTONNESS

22. The plaintiffs reallege all prior paragraphs as if set out here in full.

23. The defendant engaged in wanton conduct in that the defendant consciously added false and bogus charges to the plaintiffs account in an attempt to create a "false" delinquency so that the defendant could wrongfully declare the loan to be in default. The actions of the defendant were taken with reckless indifference to the consequences to the plaintiffs knowing full well that the defendant's actions would produce injury and harm to the plaintiffs.

24. As a proximate result of the defendant's wantonness the plaintiffs were injured and harmed.

WHEREFORE, the plaintiffs claim all damages allowable under law for theses violations of law by the defendant including statutory damages, any actual damages, punitive damages, the costs of this action and attorney's fees.

Done and filed this 2nd day of October 2006.

_____
Nicholas H. Wooten (WOO084)
Anjali Kamath
Attorneys for the Plaintiff

OF COUNSEL:
WOOTEN LAW FIRM, P.C.
Trial Lawyers
P.O. Drawer 290
Lafayette, AL 36862
(334) 864-2132
FAX: 864-2133
E-mail: n.wooten@mindspring.com