**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **EDWARD H. ALEWINE,** ) | |
| **SHELLY M. ALEWINE,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CASE NO.: 3:06cv886-MHT** |
| ) | |
| **AMERICA'S SERVICING COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

JOINT MOTION TO EXTEND SCHEDULING ORDER

     COME NOW the plaintiff and defendant and hereby move this Court for an Order extending all deadlines in the Scheduling Order entered by the Court on March 5, 2007. Counsel for both the plaintiffs and defendant have met and agreed upon a new scheduling order based upon events in the case.  In support of this motion and as grounds therefore, the parties state as follows:

1. This lawsuit was filed on or about October 2, 2006.  On March 5, 2006, the Court entered a Scheduling Order setting a discovery deadline of August 6, 2007, and a deadline of August 21, 2007 to dispositive motions.

2. Prior to the entry of this order the parties had reached a tentative agreement on a discovery plan that called for all discovery to be completed by late May 2006 giving an abundance of time to complete discovery.

3. However, during the time previously scheduled by the parties to conduct most of the depositions in the case, counsel for the defendant's son was seriously injured in that he broke his femur and was placed in a partial body cast.  Because of the heightened parental duties of counsel for the defendant, counsel for both parties agreed to reschedule discovery anticipating that the deadlines would still be able to be met.

4. However, due to issues that arose during the deposition of the defendant's 30(b)(6) representative that were unforeseen by counsel for either party, there is

clearly no way that the parties can successfully complete discovery by August 6, 2007.

5. Because of these developments, counsel for the parties undertook to conference on July 20, 2007 and to agree upon a new set of deadlines which are attached as the proposed amended scheduling order in this case. All parties are in agreement with all of the dates of the amended scheduling order.

6. The parties represent that this request is not meant to cause any undue delay for the Court. The parties believe that an adjustment to the scheduling order will save the parties and the judiciary both time and resources and is in the interests of justice.

WHEREFORE, PREMISES CONSIDERED, the parties pray that this Court will adopt the attached proposed scheduling order and adopt it as the controlling order in this case.

Done and filed this the 26th day of July 2007.

   /s/ Nick Wooten_____
Nick Wooten
Attorney for the Plaintiffs

  /s/ Keith Andress_____
Keith Andress
Attorney for the defendant

CERTIFICATE OF SERVICE

**I hereby certify that on the 26th day of July, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: All counsel of record.**

  /s/ Nick Wooten_____
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EDWARD H. ALEWINE,<br>SHELLY M. ALEWINE,<br><br>    **Plaintiffs,**<br><br>v.<br><br>AMERICA'S SERVICING COMPANY,<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)   **CASE NO: 3:06cv886-MHT**<br>)<br>)<br>)<br>) |

**AMENDED UNIFORM SCHEDULING ORDER**

    Please read this order carefully. These deadlines and responsibilities may not be changed without leave of the court. All parties are expected to comply with each and every provision of this order in a timely manner, and extensions will be granted in only extraordinary and unforeseeable circumstances. The parties are also expected to comply with the Middle District's Local Rules and the Middle District's Guidelines to Civil Discovery Practice, both of which can be found at http://www.almd.uscourts.gov/. **NOTE THAT SECTION 9 IS NEW.**

    Under Rule 16, Federal Rules of Civil Procedure, as amended, the Court is required to set a schedule for discovery and the filing of motions. Accordingly, it is ORDERED by this Court as follows:

    SECTION 1: A pretrial hearing of this case is scheduled for the 8th day of July 2008 and this cause is set for trial during the term of court commencing on the 8th day of October, 2008.

    SECTION 2: Any Dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than 90 days prior to the pretrial hearing. A brief and all supporting evidence shall be filed with any such motion. In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or

document. Failure to make such specific reference will result in the evidence not being considered by the court.

SECTION 3: On or before July 29, 2008, counsel for all parties shall conduct a face-to-face settlement conference at which counsel shall engage in good faith settlement negotiations. If settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement. Not less than FIVE (5) DAYS after this conference, counsel for the plaintiff shall file a pleading titled "Notice Concerning Settlement Conference and Mediation." This pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation will assist them in resolving this case short of trial. Information about mediation is attached to this order.

SECTION 4: Any motions to amend the pleadings and to add parties shall be filed on or before January 7, 2008.

SECTION 5: Any motion for class certification shall be filed on or before March 14. 2008. A brief discussing the factors enumerated in Rule 23(a) and (b) of the Federal Rules of Civil Procedure shall be filed with any such motion.

SECTION 6: The failure to file a response to any motion – either dispositive or non-dispositive- within the time allowed by the court shall indicate that there is no opposition to the motion.

SECTION 7: All discovery shall be completed on or before April 9, 2008, except that, as to any witnesses whose names are not revealed until the last day allowed under SECTION 10, the opposing party shall have the time extended in this paragraph to allow for deposing such witnesses.

SECTION 8: The parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 702, 703 or 705 of the FEDERAL Rules of Evidence and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26 (a) (2) of the Federal Rules of Civil Procedure, as follows:

From the plaintiff (s) – on or before January 25, 2008.
From the defendant (s) – on or before February 25, 2008.

The parties shall comply fully with all requirements of Rule 26 (a) (2) in regard to disclosure of expert testimony.

SECTION 9:  GENERAL PROVISION:

(A) All briefs on any matter before the court must be formal in format and filed with the court.  The court does not accept "letter briefs" or "letter reports."

(B) A request or motion for extension of a deadline in any court order (i) must be in writing; (ii) must indicate that movant has, in a timely manner, previously contracted counsel for all other parties; and (iii), based on that contact, must state whether counsel for all other parties agree to or oppose the extension request or motion.  A request or motion that fails to meet this requirement has not been met.  Absent stated unforeseen and unavoidable circumstances beyond the control of the movant, oral extension requests and motions are not allowed, and "eleventh hour" extension requests and motions will be denied outright.

(C) Any proposed order that a party desires the court to enter should be submitted to the court in both (a) an Adobe Acrobat PDF format attached to the motion and (b) by transmitting an electronic copy of the proposed pretrial order to the court as an attachment to an email message sent to propord_thompson@almd.uscourts.gov.  For these purposes, the electronic copy should be in WordPerfect or Word format and not in Adobe Acrobat PDF format.

SECTION 10:  FORTY (40) DAYS BEFORE TRIAL, each party shall, pursuant to the provision of Rule 26 (a) (3) of the Federal Rules of Civil Procedure, exchange the names, addresses and telephone numbers of all witnesses, except witnesses solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises.  The witness list should include the names of any witnesses required to be disclosed under Paragraph 8.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from calling any witness not so identified.

SECTION 11:  FORTY (40) DAYS BEFORE TRIAL, the parties shall, pursuant to the provisions of Rule 26 (a) (3) of the Federal Rules of Civil Procedure, identifying any part of a deposition that a party expects to use at trial.  Adverse parties shall within ONE WEEK THEREAFTER identify any responsive parts of depositions expected to be used, and a party

shall within THREE DAYS of the designation of such responsive parts designate any part which is desired as a rebuttal thereto.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from using any part of a deposition not so listed, with the exception of parts of depositions to be used solely for the purpose of impeachment.  Except to the extent written objections are served and filed FIFTEEN (15) DAYS BEFORE TRIAL, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.

SECTION 12:  FORTY (40) DAYS BEFORE TRIAL, the parties shall, pursuant to the provision of Rule 26 (a) (3) of the Federal Rules of Civil Procedure, furnish opposing counsel for copying and inspection all exhibits or tangible evidence to be used at the trial, and proffering counsel shall have evidence marked for identification prior to trial.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of the evidence to be used solely for the purpose of impeachment.  <u>Except to the extent written objections are served and filed FIFTEEN (15) DAYS BEFORE TRIAL, the evidence shall be deemed genuine and admissible in evidence.  The written objections shall set forth the grounds and legal authorities.  All trial exhibits must be pre-marked prior to trial.</u>

SECTION 13:  Except to the extent of any conflict with deadlines set out above, the Discovery Plan contained in the Report of Parties' Planning Meeting, filed on February 28, 2007 (Doc. No. 9), is adopted and incorporated herein.

SECTION 14:  <u>If a jury trial</u>:  The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions, together with citations of law thereon, ON OR BEFORE TWO WEEKS PRIOR TO THE TRIAL DATE UNLESS SAID TIME IS SHORTENED BY THE COURT ON MOTION OR EITHER PARTY.  Trial counsel are DIRECTED to review the jury questionnaire used in this court and to avoid any duplication of matters addressed therein in their voir dire questions.  The jury questionnaire is available on the court's website at http://www.almd.uscourts.gov/juryinfo.htm.7.

SECTION 15:  In cases involving jury trials, the term TRIAL DATE as used in the foregoing deadlines shall mean the date set for jury selection.

      SECTION 16: If any party has an objection to these deadlines, the party should inform the Court within 14days from the date of this Order; otherwise, the Court will assume that the deadlines are agreeable to all parties. Unless this Order be modified by subsequent Order of the Court, the provisions hereinabove set out are binding on the parties.

      DONE, this the _____ day of _____, 2007.

                                                                                      _____

                                                                                    UNITED STATES DISTRICT JUDGE