IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

EDWARD H. ALEWINE, *et al.*,     )
                                 )
      Plaintiffs,            )
                                 )
v.                                )       Case No. 3:06cv886-MHT
                                 )
AMERICA'S SERVICING COMPANY, )
                                 )
      Defendant.           )

## DEFENDANT'S OPPOSITION TO
## PLAINTIFFS' MOTION TO COMPEL
## AND MOTION FOR PROTECTIVE ORDER

COMES NOW Defendant and opposes Plaintiffs' Motion to Compel as follows:

## INTRODUCTION

Plaintiffs raised three areas in their Motion to Compel: I) for Defendant's 30(b)(6) deposition to occur in Birmingham; II) that Plaintiffs' counsel be able to disclose and share Defendant's confidential and proprietary business information with any lawyer who is suing Wells Fargo in any other case; and III) for Defendant's objections to Plaintiffs' Third Consolidated Discovery Request to be overruled. Defendant submits that Plaintiffs' Motion to Compel is due to be denied.

## I.   DEFENDANT'S 30(B)(6) DEPOSITION WILL BE RESUMED IN BIRMINGHAM, ALABAMA BY AGREEMENT

Plaintiffs' first issue, venue for resumption of Defendant's 30(b)(6) deposition, is moot by agreement.  This deposition will resume September 28, 2007 in Birmingham, Alabama, and this fact has been communicated to Plaintiffs' counsel.

## II.   PLAINTIFFS SHOULD NOT BE ABLE TO DISCLOSE DEFENDANT'S BUSINESS INFORMATION OUTSIDE THIS CASE

Plaintiffs have requested Defendant's entire employee training manual ("ALEX"), Defendant's entire database system manuals ("FIDELITY"), and Defendant's entire collections training manual. (Plaintiffs' Third Consolidated Discovery Requests, 40-43).  Defendant communicated that it would produce the relevant parts of the requested manuals, subject to an acceptable confidentiality order.  The parties agreed the materials were confidential and that use would be restricted.[1]  Plaintiffs sent a proposed confidentiality order that Defendant made minor modifications to.  (*See* Exhibit A for Defendant's revisions to Plaintiff's proposed order.)

---

[1] Plaintiffs' Motion to Compel raises that Defendant has not moved for a protective order. (Plaintiffs' Motion to Compel ¶ 6).  Defendant understood that a confidentiality agreement was reached for all issues except for whether information produced during discovery could be used outside the course of this proceeding.  Defendant understood that this issue would be resolved by the Court.  Plaintiffs have been repeatedly made aware that Defendant objected to any use of its proprietary information outside this proceeding.  To the extent necessary to have the Court address this publication issue, Defendant has styled this written submission "Defendant's Opposition to Plaintiffs' Motion to Compel and Motion for Protective Order."

B DKA 758804 v1
2780973-000281 9/24/2007

The point of contention between the parties pertains to Plaintiffs' counsel's desire to use these confidential and proprietary materials outside of this litigation. Defendant cannot agree to this. Plaintiffs' counsel has made it clear that he intends to share this information with other lawyers who are suing Wells Fargo in other cases.

It is reasonable to deduce that Defendant's confidential and proprietary business information would be shared on some accessible database and, therefore, could be published anywhere in the United States and further. If this were allowed to occur, Defendant would have no control over who accesses its proprietary information and what happens to the information once it is published. Each case has unique facts, and the presiding court should be the gatekeeper for disclosure and use of a party's confidential and proprietary information. *See DYC Fishing, Ltd. v. Beaver Street Fisheries, Inc.*, 2007 WL 1655389 (M.D. Fla.) (holding "the potential injury of forcing the Defendant to relinquish company business records to the Plaintiff for use outside this litigation, and particularly for use in a foreign judicial proceeding where the Defendant is not a party far outweighs Plaintiff's desire for free use of the discovered documents.")

In *Williams v. Taser International, Inc.*, 2006 WL 1835437 (N.D. Ga.), the court rejected a similar request for the plaintiffs' use of discovery outside the present case. The plaintiff in *Taser International* objected to the defendant's

3

proposed protective order on grounds that it would preclude plaintiffs from sharing confidential information obtained in the course of discovery with attorneys pursuing similar cases against Taser. *Id.* at *3. In rejecting the plaintiffs' request, the Court stated:

> The Court appreciates why Plaintiffs would desire to share confidential documents with other attorneys involved in litigation against Taser, and in no way doubts counsel's intent to abide by the terms of the protective order. That said, the Court recognizes that the more widely confidential documents are disseminated, it becomes both more likely that those documents will be released, and more difficult for the Court to enforce the terms of its protective order. In this case, the Court finds the risk to Taser posed by the release of its confidential information, and the difficulties of enforcing a protective order when confidential documents are widely disseminated, outweigh Plaintiffs' interest in sharing that information among various plaintiffs' counsel and experts. Thus, the Court declines to allow Plaintiffs to either retain confidential documents upon the conclusion of this litigation, or to share confidential documents with other attorneys or experts involved in litigation against Taser.[2]

*Id.* at *2.

---

[2] The court in *Taser* entered the following confidentiality order:

> The Parties' counsel agree to destroy or return all Confidential Documents they receive from another Party within twenty (20) calendar days of the conclusion of this litigation, including any appeal, or the applicable appeal period if an appeal is not filed. Counsel will submit written certification of the destruction of the documents to the producing Party upon their destruction. Counsel of record may retain, subject to the confidentiality provisions of this Protective Order, a copy of all correspondence, pleadings, motion papers, deposition or trial transcripts and exhibits, legal memoranda and work product, as well as any Confidential Information contained within any summaries of Confidential Documents. Where such information is retained, it shall remain protected pursuant to the terms of this Protective Order, both during and after the conclusion of this litigation.

*Id.* at *3.

4

It is unfair and unreasonable for Defendant to have its proprietary information shared with every lawyer who considers suing Wells Fargo anywhere in the United States. Such a result would be especially unfair considering the questionable relevance any of these manuals have to this case. Defendant's collections manuals could become irrelevant to this lawsuit once the Court rules on whether Defendant is a "debt collector" under the Fair Debt Collection Practices Act. The FDCPA does not apply to loan servicers unless the loan was in default at the time the servicer obtained the loan. Plaintiffs admit that their loan was not in default when Defendant took over the servicing in November 2002, and there is no evidence to the contrary. Plaintiffs' FDCPA count is due to be dismissed as a matter of law; therefore, all Defendant's collections information would likewise become irrelevant.

Further, Plaintiffs' RESPA claim is likewise tenuous at best. Neither party disputes the relevant facts pertaining to the Plaintiffs' RESPA claim. In August 2005, Plaintiffs received notice that the subject loan had a negative escrow balance, which would be amortized beginning in October 2005. On October 25, 2005, Plaintiffs sent a Qualified Written Request ("QWR") to Defendant, which requested an explanation of the amortization. Defendant did not respond within the 60-day required period. However, Defendant fully responded on August 6, 2006, and its response clearly communicated to Plaintiffs that their negative

5

escrow balance pertained to 2000 and 2001 force placed insurance by Ocwen, the prior loan servicer.

Plaintiffs never contested the 2000 and 2001 force placed insurance charges in response to Defendant's August 7, 2006 letter and never provided Defendant with any proof that they previously paid the 2000 and 2001 Ocwen force placed insurance charges. Plaintiffs waited approximately two (2) months and filed the present action. After filing this action and in response to discovery, Plaintiffs, *for the first time*, provided Defendant with evidence that they had the required 2000 and 2001 homeowner's insurance in place when their loan was being serviced by Ocwen.

Under these facts, Defendant's internal manuals are not material to this case. Accordingly, the Defendant objects to Plaintiffs' request to universally publish its confidential and proprietary internal information.

## III. DEFENDANT'S OBJECTIONS TO PLAINTIFFS' THIRD CONSOLIDATED DISCOVERY REQUEST

Plaintiffs' Third Set of Interrogatories asks for information on loans other than the subject loan. Plaintiffs ask several questions about the status of other loans that the Defendant became the servicer for. Apparently, Plaintiffs are claiming that the payment status of one loan affects the payment status of the subject loan. If this is indeed Plaintiffs' claim, it is patently incorrect.

6

The status of every loan is solely dependent upon the particular circumstances surrounding that loan. Whether a different borrower paid or failed to pay pursuant to his installment note has no bearing upon whether Plaintiffs met their contractual loan obligations.

The only question that is relevant to the status of the subject loan is whether Plaintiffs were current on their payment obligations in November of 2002. Both Plaintiffs and Defendant agree that Plaintiffs were current when Defendant became the loan servicer. Accordingly, there is no justiciable issue regarding Plaintiffs' loan status in 2002. Defendant stands upon its objections to interrogatories 25-28.

Similarly, in interrogatory 29, Plaintiffs inquire whether "Wells Fargo has ever been found to be a debt collector within the meaning of the FDCPA in any litigation within the last ten years." For the same reasons that Plaintiffs' interrogatories 25-28 are improper, so is interrogatory 29. Defendant's status as a debt collector under the FDCPA varies depending on the particular circumstances of each loan that Defendant services. If Defendant obtained the servicing rights to a loan not in default at that time, then Defendant is not subject to the FDCPA for that particular loan.

Accordingly, the information requested in interrogatory 29 has no tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. This

7

is the definition of irrelevant evidence.  *See* Fed. R. Evid. 401.  Defendant stands on its objections.

Plaintiffs' interrogatories 36-39 pertain to other lawsuits alleging that Defendant failed to respond to QWRs and other lawsuits alleging that it violated the FDCPA.  Information on other lawsuits is irrelevant to this dispute.  The mere fact that one has filed a lawsuit does not have any tendency to prove that the defendant is liable for the alleged conduct.  *See Robinson v. Kierce*, 513 So. 2d 1005, 1007 (Ala. 1987).

In *Robinson*, the Alabama Supreme Court stated:

> The complaint in a lawsuit is no more than the means of commencing an action, and the mere filing thereof does not import verity.  A certain degree of proof is required before a plaintiff can recover.  The idea that a complaint filed in one action can be introduced in another action to establish the truthfulness of the allegations in the complaint transcends our established rules of evidence.

*Id.*

Further, Plaintiffs' interrogatories ask for information outside of this district and therefore should not be admissible. *See BMW v. Gore*, 134 L. Ed. 809, 116 S. Ct. 1589, 1597-98 (1996).

## IV.   REQUEST FOR PRODUCTION

Defendant's objections to the confidentiality issues are discussed *supra*.  In addition to said objections, Defendant objects to the requested manuals on the grounds that they are not limited to the sections that involve issues in this case.

Presently, Defendant is being asked to produce its entire manuals. Thus, information concerning Defendant's vacation policies, health insurance, marketing, security, general employment and all other company business contained in Defendant's policy and procedures manual would be produced. Clearly, this request is overly broad and violative of Fed. R. Civ. Proc. 26.

Respectfully submitted,

/s/ D. Keith Andress
D. KEITH ANDRESS
JAMES H. WHITE, IV

Attorneys for America's Servicing Company

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
420 North 20th Street, Ste. 1600
Birmingham, Alabama  35203
(205) 328-0480 – telephone
(205) 322-8007 – facsimile
kandress@bakerdonelson.com
jwhite@bakerdonelson.com

9

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2007, the foregoing has been served upon the following counsel of record by electronic mail via the Court's cm/ecf system:

Mr. Nicholas H. Wooten
Mr. Anjali Kamath
Wooten Law Firm, P.C.
P.O. Drawer 290
Lafayette, AL  36862

/s/ D. Keith Andress
Of Counsel

10

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EDWARD H. ALEWINE, | ) | |
| SHELLY M. ALEWINE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:06cv886-MHT |
| | ) | |
| AMERICA'S SERVICING COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## PROTECTIVE ORDER

The Court hereby enters the following Protective Order:

1.     Any information, document, or thing produced or created in connection with this litigation that is believed by a Producing Party to contain sensitive, proprietary or confidential information may be designated as "Confidential Material." As used herein, Confidential Material may include: (a) all papers, tapes, documents (including answers to interrogatories or requests for admissions), disks, diskettes, devices, equipment, parts and other tangible things produced by or obtained from a Producing Party; (b) transcripts of depositions herein and exhibits thereto; and (c) all copies, extracts, and complete or partial summaries prepared from such papers, documents, or things. The designation of Confidential Material shall be made in good faith, and no Producing Party shall designate material as Confidential Material without a reasonable and good faith belief that such designation is appropriate. As used herein, "Producing Party" shall refer to any person or entity producing information, documents, discovery responses or testimony in connection with this litigation, irrespective of whether the Producing Party is a Party to this action.

2.     Designation of Confidential Material may be made by stamping or otherwise marking the material as "Confidential."   For purposes of this paragraph, an entire document, file or thing may be designated as Confidential Material by the Producing Party (1) by stamping or otherwise marking all pages of the document or the first cover page of a multi-page document or a file folder containing multiple documents provided the document is produced in bound form ~~and total number of pages listed on cover page~~, or (2) by labeling a tape, thing or disk, in each instance in a manner reasonably calculated to call to the attention of other Parties the nature and scope of the designation.

3.     If a Producing Party inadvertently fails to stamp or label (or advise by letter) certain documents or things as Confidential Material upon their production, it may <u>alert the receiving party or</u> move the Court to designate such documents as Confidential Material within ~~thirty days of production of the material.  Upon receiving a service copy of said motion~~<u>a reasonable time of discovery.  Upon notice of the inadvertent disclosure</u>, the receiving party shall maintain the confidentiality of the referenced material in accordance with the terms of this Order until such time as the Court rules on the aforesaid motion.  If ~~the~~<u>a</u> Motion for Protective Order is granted, the Producing Party may substitute and exchange copies of the subject documents, marked in accordance with this Order, for those inadvertently produced.  The cost of this production and substitution shall be born by the Producing Party.  Nothing in this Protective Order shall hold the non-Producing Party liable for its use during the period prior to receiving ~~the service copy of the Motion for Protective Order as set out above~~<u>notice of the inadvertent disclosure</u>.

4.     Confidential Material, and information derived from or contained in Confidential Material, shall be used only as reasonably necessary for preparation and trial

of this action, including any appeal or retrial, and shall not be used for any other purpose, including, without limitation, any other litigation or proceeding; any business, competitive, or governmental purpose or function; and shall not be disclosed in any public manner, except as set forth in paragraphs 5, 6, and/or 15.

     5.    Confidential Material may be disclosed only to the following persons:

     (a)    Counsel of record for ~~any~~the receiving Party;

     (b)    Paralegal, stenographic, clerical and secretarial personnel employed by counsel described in (a);

     (c)    Court personnel including stenographic reporters and videographers engaged in such proceedings as are necessarily incident to preparation for trial and trial of this action;

     (d)    Any third-party consultant (including without limitation any imaging or other litigation support vendor) or expert retained in connection with this Action by the Receiving Party; and

     (e)    Any fact witness during deposition or trial.

     ~~(f)    Any counsel for any other plaintiff involved in a lawsuit against Wells Fargo or America's Servicing Company who has made claims alleging violations of the RESPA, FDCPA, FCRA or any species of fraud, predatory lending, negligence or wantonness associated with acts related to mortgage servicing or origination.~~

     6.    Confidential Material may also be shown or disclosed to witnesses or prospective witnesses at or in preparation for deposition or trial who are persons other than those authorized to receive such material by the terms of paragraph 5 of this Order, but only as necessary to their testimony or anticipated testimony.

     7.    Each person, other than those identified in paragraphs 5(a) – (c) above and other than those witnesses who are employees of the Producing Party, to whom Confidential Material is furnished, shown, or disclosed, shall, prior to the time s/he received access to such materials, be provided by counsel furnishing the individual such

material a copy of this Order and agree to be bound by its terms, and shall certify that s/he has carefully read the Order and fully understands its terms, by signing the certificate attached as Exhibit A.  Such person also must consent to be subject to the personal jurisdiction of this Court, and to the personal jurisdiction of any Court to which this action may be transferred, with respect to any proceeding relating to enforcement of this Order, including any proceeding relating to contempt of court.  The certificate shall be of the form set forth in Exhibit A hereto.  Counsel making disclosure to any person as described herein above shall retain the original executed copy of said certificate until final termination of this litigation, except for testifying experts, whose executed copy shall be provided to the Producing Party at the time the expert witness is designated.

8.     The placing of any confidentiality designation or a production identification number on the face of a document produced shall have no effect on the admissibility of that document at trial.  The Parties shall cooperate in obtaining, to the extent reasonably requested by any party, unmarked copies of stamped documents to be used at trial, *provided, however,* that there shall be no obligation to obtain non-Bates-numbered copies of any document.

9.     The list of persons to whom "Confidential Material" may be disclosed may be expanded by mutual agreement of counsel of record.  Any Party may propose such an expansion by serving a letter on all counsel in this case and counsel for the Producing Party specifically identifying, and describing the role and function of, the person(s) intended to be added to the list.  If counsel for any Party objects to any proposed expansion within 15 days after receipt of the letter from the Proposing party, no "Confidential Material" may be disclosed to such person unless the Court so orders.

4

10. The foregoing is without prejudice to the right of any Party: (a) to apply to the Court for a further protective order relating to any Confidential Material or relating to any discovery in this litigation; (b) to object to the production of documents it considers not subject to discovery; or (c) to apply to the Court for an Order compelling production of documents or modification of this Order or for any order permitting disclosure of Confidential Material beyond the terms of this Order.

11. Any "confidential" document or any document which reveals the content of a confidential document filed with the Court for any purpose (prior to trial) shall be filed under seal. Marked on the outside of the sealed envelope shall be the title of the action, and identification of the documents or thing within, and a statement substantially in the following form:

> "CONTAINS CONFIDENTIAL INFORMATION FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER OF [DATE]. TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT OR BY STIPULATION OF THE PARTIES SUBJECT TO THE APPROVAL OF THE COURT."

Documents so labeled shall be kept by the Clerk under seal and shall be made available only to the Court or persons authorized by the terms of this Order to have access thereto.

12. If Confidential Material is disclosed at a deposition, only the court reporter and those persons who are authorized by the terms of this Order to receive such material may be present. All confidential portions of transcripts of such depositions, and all confidential exhibits thereto, shall be treated as Confidential Material. If a question at deposition requires disclosure of confidential information, a party may request at the

deposition that testimony be taken on a segregated confidential transcript. Further, an affected party has fifteen (15) days from the date on which the court reporter provides a copy of the transcript of the deposition to the affected party in which to review the deposition and to seek designation as "Confidential Material," by agreement of the parties or motion to and order of the Court, any confidential testimony given during the deposition. If the parties are unable to agree that the testimony in question should be treated as "Confidential Material," then the affected party shall have the burden of moving the Court for confidential designation of same as aforesaid. However, upon written notice from the affected party, specifically identifying the testimony for which confidential designation is sought, the material shall be treated as confidential within the terms of this agreement pending agreement of the parties or resolution by the Court of the confidentiality issue regarding same. If the motion for protective order is granted or if the parties agree as to the confidentiality requested, any costs associated with the modification and substitution of the deposition transcript in order to effectuate the confidentiality order or agreement shall be borne by the moving or affected party. Nothing in this Protective Order shall hold any party liable for its use of the deposition transcript during the period prior to receiving notice by the affected/moving party that confidentiality is sought with regard to specifically designated testimony.

13. Either party may challenge any or all confidential designations of the Producing Party by written notice in accordance with this paragraph provided said challenge is made prior to entry of the pretrial order. A challenge shall be permitted after entry of the pretrial order only where good cause is demonstrated why the challenge was not brought prior to that date. If any party elects to challenge any designation of

6

confidentiality of any documents or information pursuant to this Order, that party shall provide the designating party thirty (30) days advance written notice and afford the designating party an opportunity to voluntarily remove such designation. The party designating shall, within thirty (30) days of the receipt of such written notice, either voluntarily remove the designation or file a written motion with the Court for an order preventing or limiting disclosure. Each such motion shall be accompanied by one copy of each document, response or portion of transcript challenged. The motion and accompanying materials shall be filed under seal as provided in paragraph 11 hereof, and the confidentiality of such information shall remain protected until the Court shall order otherwise.

The parties shall attempt to resolve any such challenge by agreement prior to the time for filing of a motion as herein provided.

If the challenge is not resolved by agreement, or by voluntary removal, and if no motion is filed within thirty (30) days of the receipt of written notice of challenge, then the CONFIDENTIAL designation shall be removed and shall not thereafter apply to the challenged document(s) or portions of transcripts, briefs, depositions or other information pertaining thereto.

14.    If any Party or person that has obtained Confidential Material under the terms of this Order receives a subpoena or other legal process commanding the production of any such documents or information (the "subpoena"), such Party or person shall as soon as possible notify counsel for the Producing Party or the party that designated the information or documents as Confidential Material of the service of the subpoena. The Party or person that designated the information or documents as Confidential Material in

such case shall have the burden of seeking a court order relieving the subpoenaed Party or person of the obligations of the subpoena prior to the return date of such subpoena. The party to whom the subpoena is issued shall not prematurely disclose the documents at issue so as to diminish the purpose of this Order and shall produce documents only as required by law pursuant to the subpoena. Nothing herein shall be construed to require a subpoenaed party to violate the subpoena or to file a motion to quash.

15.    The provisions of this Order shall not terminate at the conclusion of this Action. Within thirty (30) days of the conclusion of the trial and the payment of judgment, if any, and of any appeals, or upon other termination of this litigation, all documents and copies thereof or, including, without limitation, all Confidential Material received under the provisions of this Order, and all documents, things or materials containing or describing Confidential Material other than trial transcripts and trial exhibits admitted into evidence, declarations executed pursuant to paragraphs 6 or 7 hereto and one copy of any pleading or paper filed of record with the Court shall, at the option of the Producing Party or person, either be returned to the Producing Party or person or destroyed; provided, however, work product referencing the confidential documents need not be returned or destroyed and may be retained by counsel subject to this Order, but such work product shall be subject to this Order. All parties or persons that received Confidential Material shall certify, in writing, compliance with this section, including the destruction of Confidential Material. Further, the non-Producing Party shall exercise diligent efforts to obtain any and all Confidential Material that the non-Producing Party has provided to third-parties to this litigation or shall obtain written certification from the third party that all Confidential Material has been destroyed. If a third party refuses to return the

Confidential Material or to provide written certification that the Confidential Material has been destroyed, the non-Producing Party shall notify the Producing Party of same as soon as practicable and the Producing Party may petition this Court for an appropriate remedy against the third party.

16.     All persons subject to the terms of this Order agree that this Court, or any Court to which this action is transferred, shall retain jurisdiction over them for the purpose of enforcing this Order.

17.     Nothing in this Order shall provide the basis for any assertion that confidentiality protection should or should not extend to documents used as exhibits at trial, a hearing or motion filed in this action.  Upon request, the parties shall meet and confer regarding the treatment of Confidential Material at trial, a hearing or motion filed. In the event the parties cannot agree on an appropriate form of proposed order, the treatment of Confidential Material, if any, shall be governed by the Pretrial Order or other orders concerning the conduct of the trial.

18.     The terms "party" and "Parties" as used in this Order refer to the current parties to this Action as well as any parties who may later be added to or join this action. The terms of this Order shall apply automatically to any such later-added or joined parties, and shall also apply to any person having actual or constructive knowledge of this Order. The terms "Producing Party" and "Producing Parties" shall refer not only to the Parties, but also to any non-party which produces documents in the action.

19.     Any Confidential Material copied or reproduced for use in this action shall be subject to the terms of this Order.

20.     The provisions of this Order may be modified only by agreement of the parties and ratification by the Court, or by modification by the Court.

        21.     Violation of this order can subject the violator to damages.  If any part hereto files a motion seeking enforcement of this order, then the prevailing party shall be entitled to attorneys' fees and expenses incurred in such endeavor.  This order also binds the Parties' attorneys, who may also be liable to, for damages and attorneys' fees for violating this order.

        DONE and ORDERED this _____ day of _____, 2007.


        _____
        DISTRICT JUDGE

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER
REGARDING CONFIDENTIALITY OF DOCUMENTS**

       **I, the undersigned, hereby acknowledge that I have received and read a copy of the Protective Order ("Order") entered in *Alewine v. America's Servicing Company, Civil Action Number* 3:06cv886-MHT in the United States District Court for the Middle District of Alabama, Eastern Division, that I understand the provisions in the Order prohibiting the disclosure, exploitation, or use of Confidential Material, or other discovery or deposition testimony for any purpose or in any manner not connected with the prosecution or defense of that matter; that I agree to be bound by all provisions of the Order; that I submit to the jurisdiction of the Court in which that matter is pending, and that I understand that sanctions may be imposed by the Court, including civil and criminal penalties for contempt of court, if I fail to abide by and comply with all the terms, conditions and restrictions imposed by the Order.**

_____              _____
**Date**                                       **Name**

                                            _/s/_Nick Wooten_____
                                          Nick Wooten
                                          Attorney for the Plaintiffs

**OF COUNSEL:**

Wooten Law Firm, P.C.
Trial Lawyers
P.O. Box 290
10 Second Avenue S.E.

LaFayette, AL  36862
Tel:     (334) 864-2132
Fax:     (334) 864-2133

Document comparison done by DeltaView on Thursday, August 02, 2007 3:59:48 PM

| Input: | |
|---|---|
| Document 1 | PowerDocs://BIRMDOCS/754216/1 |
| Document 2 | PowerDocs://BIRMDOCS/754216/2 |
| Rendering set | BDBCB Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 7 |
| Deletions | 7 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 14 |