IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EDWARD H. ALEWINE, ) | |
| SHELLY M. ALEWINE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO.: 3:06cv886-MHT |
| ) | |
| AMERICA'S SERVICING COMPANY, ) | |
| ) | |
| Defendant. ) | |

PLAINTIFFS' BRIEF IN SUPPORT OF ITS MOTION FOR A REFERRAL TO BANKRUPTCY COURT

Comes now the plaintiffs, by and through counsel, and files herewith its brief in support of its motion for a referral to Bankruptcy Court. As grounds for the referral the plaintiffs would show as follows:

PROCEDURAL HISTORY

The subject matter of this litigation arises over charges made to the plaintiffs mortgage account by the defendants. The plaintiffs point out to the Court that they instituted a voluntary chapter 13 proceeding on December 2, 1999 styled *In re Edward H. Alewine & Shelly M. Alewine* case no. 99-05963-WRS in the Bankruptcy Court of the Middle District of Alabama. The plaintiffs filed for bankruptcy because their mortgage holder at that time alleged that they were two payments behind. These payments were made through the Chapter 13 bankruptcy

plan (Deposition of Edward Alewine, pg. 64, lines 2-7). The plaintiff's Chap. 13 was mostly uneventful other than a motion filed for relief from Stay in December 2000 by Wells Fargo claiming that the Alewines were two payments behind in their mortgage (see exhibit 11 to the deposition of Cindy Shanabrook, made a part of the plaintiffs' motion for partial summary judgment). The Bankruptcy Court docket does not indicate a disposition of this motion (see Exhibit C to the defendant's opposition to Plaintiff's motion for summary judgment). Ocwen serviced the plaintiffs' mortgage loan during the bankruptcy until November 1, 2002 when America's Servicing Company took over servicing of the loan (see exhibit 8 to the deposition of Cindy Shanabrook). Once America's Servicing Company began servicing the loan, the plaintiffs began to have problems with their mortgage account. This resulted in one lawsuit against America's Servicing Company that was filed on January 7, 2005 with the same style as the present case but bearing case number 3:05cv16-C which made nearly identical allegations as the present case but was resolved by agreement on July 25, 2005. Almost immediately after resolution of the first lawsuit, the defendant provided a notice to the plaintiffs indicating that they had an escrow deficiency and altering their payments (see exhibit "A" to exhibit 1 to the deposition of Cindy Shanabrook). The plaintiffs undertook a campaign to learn the nature of the charges to the plaintiffs account since the plaintiffs had settled a lawsuit with America's Servicing

Company during the same month that the notice was received (see exhibit 5 to the deposition of Shelly Alewine). The plaintiffs called and wrote a Qualified Written Request seeking the nature of the charges being applied to their account by the defendant America's Servicing Company. They were told that they were being charged for force placed insurance for the year 2005 (see deposition of Edward Alewine page 16 line 12 through Page 17 line 19). During discovery, specifically during the deposition of Cindy Shanabrook conducted on July 10, 2007, the defendant testified that some of the charges placed on the plaintiffs mortgage were charges made post-petition by the prior servicer, Ocwen, while there was an active Chapter 13 plan in effect (Shanabrook 59:19-24). Said charges were placed on the plaintiffs' account in violation of the automatic stay and without the bankruptcy court's approval. Further, this defendant, America's Servicing Company, is attempting to collect these charges in violation of the automatic stay and discharge injunction and this defendant's actions are an affront to the authority of the bankruptcy court.

## RELEVANT LEGAL AUTHORITIES

In determining whether it is appropriate to refer a matter to the bankruptcy court, the first issue for determination is whether the bankruptcy court has jurisdiction over the matter. A bankruptcy court has jurisdiction over all civil proceedings arising under title 11 of the United States Code, or arising in or related

3

to cases under title 11. *28 U.S.C.S. § 1334(b)*. Proceedings arising in bankruptcy cases generally are referred to as core proceedings, and essentially are proceedings that would not exist outside of bankruptcy, such as matters concerning the administration of the estate, orders to turn over property of the estate, and proceedings to determine, avoid, or recover preferences. *28 U.S.C.S. § 157(b)(2)*. *28 USCS 157(b)* states "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11…". The bankruptcy Courts have jurisdiction over all matters that are "core" to the proceeding. Core proceedings are defined under *28 USCS 157(b)(2)* and include among other categories: (A) matters concerning the administration of the estate; (G) motions to terminate, annul, or modify the automatic stay; (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims. Because this action arises as a result of the defendant's attempt to collect amounts charged to the plaintiffs' account while the account was in bankruptcy and without the Court's approval, the plaintiffs contend that the acts of the defendant are core proceedings as defined above.

  However, even if the Court were to determine that the matter was not a core proceeding as defined by *28 USCS 157(b)(2)*. The Bankruptcy Court would still be the proper place to address these actions pursuant to *28 USCS 157(c)(1)* which

states in pertinent part "A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected".  Also, the Bankruptcy Court could have authority in a non-core proceeding if the action is "related to" the bankruptcy estate.  In a decision handed from the Middle District by Judge Albritton, the test for "related to" jurisdiction was articulated as follows:

> The test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could **conceivably** have an effect on the estate being **administered** in bankruptcy. The proceeding need not necessarily be against the debtor or the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or **freedom of action** (either **positively** or **negatively)** and which in any way impacts upon the **handling** and administration of the estate. _Transouth Financial Corp v. Murry,_ 311 B.R. 99, 105-06 (M.D. Ala. 2004)(Albritton, J), citing _Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.),_ 910 F.2d 784 (11th Cir. 1990); and _In re: Toledo,_ 170 F.3d 1340, 1345 (11th Cir. 1999)._

The application of the law to the facts before the Court clearly indicate that the matter should be referred to the Bankruptcy Court for further proceedings.

Additionally, the plaintiffs point out that this defendant has been cited multiple times for violations of the automatic stay, see for example *In re Slick,* 280 B.R. 722 and *In re Jones,* 2007 WL 1112047, (the plaintiffs note that the companies in these two cases are Norwest and Wells Fargo, the plaintiffs further note that America's Servicing Company is a fictitious name for Wells Fargo according to their testimony and answers to interrogatories). This defendant regularly practices before the bankruptcy court of the middle district of Alabama. This defendant claims that the original delinquency arose while the plaintiffs were in bankruptcy. The plaintiffs believe that the Bankruptcy Court should have the opportunity to evaluate the violations of the automatic stay and discharge order by these defendants and the plaintiffs believe that these violations would be considered core proceedings in that Wells Fargo is in effect seeking to collect monies that were charged to the plaintiffs illegally during their chapter 13 bankruptcy. Because these matters are core and because the bankruptcy court is more familiar with these types of wrongful actions and the acts of the defendants impact the authority of the bankruptcy court to administer bankruptcy cases, the plaintiffs believe that it would serve the interests of justice and fairness to refer the matter to the Bankruptcy Court for further proceedings.

WHEREFORE, premises considered, the plaintiffs move this Honorable Court for an Order referring this matter to the bankruptcy court for further proceedings.

Done and filed this 8th day of October 2007.

                                              /s/ Nick Wooten
                                              Nick Wooten
                                              Attorney for the Plaintiffs

**OF COUNSEL:**

Wooten Law Firm, P.C.
Trial Lawyers
P.O. Box 290
10 Second Avenue S.E.
LaFayette, AL  36862
Tel:   (334) 864-2132
Fax:  (334) 864-2133

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that I have served a copy of the foregoing upon the Defendants by providing an electronic copy on this the 8th day of October 2007 to:

Keith Andress
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
420 N. 20th Street, Ste. 1600
Wachovia Tower
Birmingham, AL 35203

                                                         _/s/ Nick Wooten_
                                                         OF COUNSEL