**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| EDWARD H. ALEWINE,  )  <br> SHELLY M. ALEWINE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AMERICA'S SERVICING COMPANY, ) <br> ) <br> Defendant. ) | CASE NO.: 3:06cv886-MHT |

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL ANSWERS TO THEIR THIRD CONSOLIDATED DISCOVERY REQUESTS TO DEFENDANT**

Comes now the plaintiffs in this action, by and through undersigned counsel, and moves Your Honor for an order compelling the answers to certain discovery along with supporting law and argument for the disputed requests.

**GENERAL ARGUMENT**

The plaintiffs would show unto the Court that the defendant bears the burden of proving his objections to discovery in a manner that is in compliance with the Federal Rules of Civil Procedure. The party resisting a discovery request has the burden to show why the discovery request is improper. The resisting party must show specifically how a general objection applies to the discovery request. See, e.g., McLeod, Alexander, Powel and Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990). The Federal Rule of Civil Procedure 26(b)(1) sets the standard for the scope of general discovery, providing that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party ... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed.R.Civ.P. 26(b)(1). Accordingly, discovery is relevant if it appears reasonably calculated to

lead to the discovery of admissible evidence. Since decisions as to relevance to the subject matter of the action are made for discovery purposes well in advance of trial, a flexible treatment of relevance is required and the making of discovery, whether voluntary of under court order, is not a concession or determination of relevance for purposes of trial. Fed.R.Civ.P. 26(b)(1) advisory committee notes (1970 Amendments). In re H & R Block Mortg. Corp., Prescreening Litigation Slip Copy, 2007 WL 325351 N.D.Ind. 2007. January 30, 2007. Relevance within the meaning of Fed.R.Civ.P. 26[b][1] is considerably broader than relevance for trial purposes. For discovery purposes, relevance means only that the materials sought are reasonably calculated to lead to the discovery of admissible evidence. Oppenhemier Fund v. Sanders, 437 U.S. 340, 351 [1978].

   Additionally, a defendant may not offer generalized and boilerplate objections to discovery but must provide a specific rationale for objections lodged to discovery requests. "Where an objection is made to any interrogatory or sub-part thereof or to any document request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds." Objections that state that a discovery request is "vague, overly broad, or unduly burdensome" are, standing alone, meaningless, and will be found meritless by this Court. A party objecting on these grounds must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. See Fed.R.Civ.P. 33(b)(4); Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982) ("[T]he mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery 'must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.'" [citation omitted]). If a party believes that the request is vague, that party shall attempt to obtain

clarification prior to objecting on this ground. Cohen v. Status-One Invs., Inc., 2007 U.S. Dist. LEXIS 74365.  Also, an objection that a discovery request is irrelevant and not reasonably calculated to lead to admissible evidence must include a specific explanation describing why the request lacks relevance and why the information sought will not reasonably lead to admissible evidence. The Parties are reminded that the Federal Rules allow for broad discovery that does not need to be admissible at trial. See Fed.R.Civ.P. 26(b)(1); Oppenheimer Fund, Inc., v. Sanders, 437 U.S. 340, 351-52, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978) .  Also, the general rule is that the court deems broad objections based on conclusory generalizations insufficient. See, e.g., Dollar v. Long Mfg., 561 F.2d 613, 616-17 (5th Cir. 1977).

What follows below is an insertion of the subject discovery along with the answers propounded by the defendants.  Each question objected to is followed by the plaintiffs' argument as to why the objections are facially invalid and / or why the discovery is relevant or a statement that the question is withdrawn:

### DEFENDANT'S RESPONSES TO PLAINTIFFS' THIRD CONSOLIDATED DISCOVERY REQUESTS

COMES NOW Defendant and responds to Plaintiffs' Third Consolidated Discovery Requests as follows:

### INTERROGATORIES

25.     Please state how many loans the defendant purchased the servicing rights to on November 1, 2002 from Ocwen, which included the plaintiffs' loan.

**RESPONSE:** Defendant objects to this interrogatory on the grounds that it calls for information that is immaterial, irrelevant not reasonably calculated to lead to the discovery of admissible evidence.

3

>Other loans, if any, that Defendant purchased on November 1, 2002 from Ocwen have no bearing on the status of the subject loan. The status of any other loan purchased from Ocwen has no bearing on whether the subject loan was in default at the time Defendant became the loan servicer.

Argument:

The defendant's response to this interrogatory falls within the classic ambit of general objections prohibited by the authority cited above in Cohen v. Status-One Invs., Inc., 2007 U.S. Dist. LEXIS 74365. The defendant's response is nothing more than a general objection followed by conclusory generalizations prohibited by Dollar v. Long Mfg., 561 F.2d 613, 616-17 (5th Cir. 1977). The plaintiffs have asserted several causes of action against the defendant. During earlier discovery, the plaintiffs learned that the defendant was not the owner of the loan but the servicer of the loan. Because there are allegations in the complaint of violations of RESPA section 2605(e) as well as allegations of violations of the FDCPA the information sought is relevant for a number of purposes. First, the plaintiff bears the burden of proving that the defendant is a debt collector under the FDCPA. This fact is not admitted by the defendants and is in fact vigorously contested. One element with respect to proof that this defendant is a debt collector is proof that the entity "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" 15 U.S.C. 1692(a)(6). This question was propounded by the plaintiffs after the defendant first contended during discovery that they were a mortgage servicer and not the owner of the debt. The purpose of this question was to determine how many loans did the defendant begin to service on November 1, 2002. The relevance under Rule 26(b)(1) is that the defendant may have only begun to service the plaintiffs loan. Or, the defendant may have assumed servicing of a group of defaulted loans or the servicer may have begun to service a pool of loans that had post-petition, post-discharge arrears. Any of those

factors would be relevant to the plaintiffs' burden and therefore the question is a proper and concise question seeking relevant and competent evidence in the case at bar.

The next disputed discovery item is:

26.  Please state how many loans of the loans purchased from Ocwen, referenced in 26 above, were considered to be in default at the time they were purchased.

> **RESPONSE:** Defendant objects to this interrogatory on the grounds that it calls for information that is immaterial, irrelevant not reasonably calculated to lead to the discovery of admissible evidence.
>
> Other loans that Defendant purchased on November 1, 2002 from Ocwen have no bearing on the status of the subject loan. The status of any other loan purchased from Ocwen has no bearing on whether the subject loan was in default at the time Defendant became the loan servicer.

ARGUMENT:

As the Court can see, this answer is exactly identical to the foregoing response by the defendant. To that extent, and in the interests of expediency, the plaintiffs will renew their complaints and objections to this response under the good authority of Dollar and Cohen. The relevance of this question under Rule 26(b)(1) is clearly seen when reading questions 25 and 26 conjunctively. If the defendant began servicing 100 loans and 99 were in default, then, under the plaintiffs' burden under the FDCPA, the plaintiff would have established by that hypothetical that the defendant "regularly collects or attempts to collect … debts". Whereas, if the defendant answered question 25 by stating that it began servicing 100,000 loans on November 1, 2002 and

5

that only one was in default, this question would have still been (and still is) relevant under Rule 26(b)(1) because it would have directed the plaintiffs' inquiries into other areas of proof and possibly would have assisted in narrowing or focusing the issues, again depending on the answer of the defendant.

The next question objected to by the defendant is:

27.    Please state how many loans Wells Fargo services in the name of America's Servicing Company which are in default as of the date of answering this interrogatory.

**RESPONSE:** Defendant objects to this interrogatory on the ground that it calls for immaterial and irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence and it is not reasonably limited in time and scope. The subject loan is the only loan that has any consequence in this lawsuit.

**ARGUMENT:**

The defendant's response to this interrogatory is again solely an answer based in impermissible general objections prohibited in Cohen and fails to meet the defendant's adequacy burden under Oppenheimer Fund, Inc., v. Sanders, 437 U.S. 340, 351-52, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978) where the defendant is required to state with specificity why the general objection is proper and how it applies to the question propounded. This request is relevant under Rule 26(b)(1) again for several reasons. First, even creditors may become subject to the FDCPA if they use a fictitious name, see 15 U.S.C. 1692(a)(6). Secondly, the plaintiffs would suggest that it would be highly relevant if there were a significant number of loans in default which were serviced in the name of America's Servicing Company and would become a critical piece of evidence to this action if it was learned that every loan serviced by Wells Fargo in the name of

6

America's Servicing Company was in default as of the date of answering this interrogatory. This question read in conjunction with the next question seeks to elicit information that tends to show that Wells Fargo uses the name America's Servicing Company substantially or solely for the purpose of servicing defaulted mortgage accounts or if defaulted mortgages are merely a small and tiny portion of the servicing work done by Wells Fargo in the name of America's Servicing Company.

The next question facing an objection by the defendant is:

28.  Please state how many total loans Wells Fargo services in the name of America's Servicing Company as of the date of answering this interrogatory.

**RESPONSE:** Defendant objects to this interrogatory on the grounds that it is confidential, proprietary, not reasonably restricted in time and scope, and calls for information that is immaterial, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**ARGUMENT:**

The defendant's answer to this question asserts that the material sought is "confidential" and "proprietary" and not "reasonably limited in time and scope" followed again by impermissible general objections lacking specific answers called for under the authority previously cited of Cohen , Dollar , and Oppenheimer. Additionally, when a defendant seeks to claim that a matter is "confidential" and "proprietary", the defendant bears the burden of proving his claims under Rule 26(C)(7). It is also well settled that if the defendant believes that the material is confidential he should so state and seek to reach a resolution with opposing counsel. If that fails then the party should seek a protective order. It is well-established that the party wishing to obtain a protective order has the burden of demonstrating that "good cause" exists for the order. See, e.g., Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994); [*7]

Auto-Owners Ins. Co. v. Se. Floating Docks, Inc., 231 F.R.D. 426, 429-30 (M.D. Fla. 2005); Condit v. Dunne, 225 F.R.D. 113, 115 (S.D.N.Y. 2004). Moreover, "[t]he party seeking a protective order must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order." Auto-Owners, Ins., 231 F.R.D. at 430 (quoting United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)); see also, e.g., Doe v. Dist. of Columbia, 230 F.R.D. 47, 50 (D.D.C. 2005) (stating that to demonstrate good cause under Rule 26(c), "the movant must articulate specific facts to support its request and cannot rely on speculative or conclusory statements."). In the present case, the defendant made no showing of why or how this information is proprietary. In fact, upon information and belief, the defendant's alter ego / parent / owner / Wells Fargo, states in its annual reports filed with the SEC for public consumption that it is the largest servicer of mortgages in the United States servicing over 1.34 trillion dollars in mortgage debt. The plaintiffs seek only the total number of loans serviced by this defendant for the purposes of comparing the number given in answer to number 27 above. This number would yield a ration that would have Rule 26(b)(1) relevance on a number of levels. If the ratio is 100% then obviously this would have high evidentiary value to the underlying case on a number of levels. If the ratio is 0% then that would have qualitative evidentiary value as well. The Rule 26 relevance burden is far different that the burden at trial, see generally Oppenheimer Fund, Inc., v. Sanders, 437 U.S. 340, 351-52, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978).

The next question objected to by the defendants is:

29.     Please state whether America's Servicing Company or Wells Fargo has ever been found to be a debt collector within the meaning of the FDCPA in any

8

litigation within the last ten years. For each such litigation, list the style, case number and court so holding.

    **RESPONSE:**  Defendant objects to this interrogatory on the grounds that it calls for information that is immaterial, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and is not reasonably limited in time and scope. Whether or not Defendant was found to be a debt collector in a different case involving different circumstances has no bearing on whether the FDCPA governs it in this case. Defendant is a loan servicer and is not subject to the FDCPA except in rare, factually specific circumstances. *See Brumberger v. Sallie Mae Serv. Corp.*, 84 Fed. App. 458 (5th Cir. 2004).

    **ARGUMENT:**

    The defendant's response is again based on general objections and conjectures forbidden by the controlling law cited in <u>Cohen</u> , <u>Dollar</u> , and <u>Oppenheimer.</u> As to the defendant's particularized assertions that it is a "loan servicer", the fact of the matter is that the defendant America's Servicing Company is nothing more than a fictitious name according to its 30(b)(6) representative Cindy Shanabrook in testimony previously cited to the Court in the plaintiffs' motion for partial summary judgment beginning at page 18, line 23 through page 19, line 17 of her deposition. Therefore, the proper inquiry in the case is not whether America's Servicing Company is a servicer but whether Wells Fargo is a debt collector using the name of America's Servicing Company to collect those debts. The plaintiffs have extensively briefed the corporate structure and false name issues for the Court on their pending motion for partial summary judgment and will not repeat them here. However, the plaintiffs hotly contest that the defendant has the right to designate their status under the law and to limit the application of federal laws to them by "choosing" their status in the face of the litigation before them, effectively morphing

9

from a debt collector to a servicer to a default collection specialist to financial services company to a bank as the mood or legal imperative strikes them simply by the adoption of a trade name. This question has relevance pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure because the plaintiff has the burden of establishing that the defendant is a debt collector under the FDCPA. One prong of that proof is to show that the defendant regularly engages in the collection of debts. Obviously, in cases where Courts of competent jurisdiction found that the defendant was a debt collector, there may be relevant and admissible evidence to be harvested by the plaintiffs in pursuit of meeting their burden of proof.

30. Please state the names and titles of the person who is most familiar with the ALEX database reference in Cindy Shanabrook's deposition.

**RESPONSE:** Defendant shall provide a 30(b)(6) witness who is familiar with the ALEX database and the FIDELITY database as they pertain to loan servicing and loan collections.

There is no argument associated with this question.

31. Please state the names and titles of the person who is most familiar with the FIDELITY database referenced in Cindy Shanabrook's deposition.

**RESPONSE:** Defendant shall provide a 30(b)(6) witness who is familiar with the ALEX database and the FIDELITY database as they pertain to loan servicing and loan collections.

There is no argument associated with this question.

32. Please state the name, alias, acronym or identification of the defendant's collections training manual.

**RESPONSE:** See Defendant's Responses to Plaintiffs' Request for Production.

There is no argument associate with this question.

33. Please state the name and titles of the person who is most familiar with the defendant's collections training manual.

**RESPONSE:** Defendant shall provide a 30(b)(6) witness who is familiar with the ALEX database and the FIDELITY database as they pertain to loan servicing and loan collections.

There is no argument associated with this question.

34. Please state the name and title of the person who is most familiar with the defendant's mortgage servicing policies and procedures.

**RESPONSE:** Defendant has provided a 30(b)(6) representative to testify to servicing of the Plaintiffs' loan. Defendant will tender another representative to provide testimony pertaining to collections policies and procedures as they pertain to the subject loan.

There is no argument associated with this question.

35. Please state the name and title of the person who is most familiar with the defendant's collections policies and procedures.

**RESPONSE:** Defendant has provided a 30(b)(6) representative to testify to servicing of the Plaintiffs' loan. Defendant will tender another representative to provide testimony pertaining to collections policies and procedures as they pertain to the subject loan.

There is no argument associated with this question.

36. Please state the number of times this defendant has been sued for failing to respond to a Qualified Written Request or to make corrections to a mortgage account pursuant to a Qualified Written Request in the last ten years.

**RESPONSE:** Defendant objects to this interrogatory on the grounds that it requests immaterial and irrelevant information, is not reasonably limited in time and scope and is not reasonably calculated to lead to the discovery of admissible evidence. The facts of this case are all that is relevant under RESPA in regards to the Defendant's response to the Plaintiffs' Qualified Written Request letter. It is undisputed in this case that the Plaintiffs sent only one letter and that this one letter was responded to.

**ARGUMENT:**

The response filed by the defendant is nearly identical to all previous objectionable responses argued by the plaintiffs. The plaintiffs rest their argument that this response is improper on the authority previously cited herein of <u>Cohen</u>, <u>Dollar</u>, and <u>Oppenheimer.</u> As to the factual assertions made by the defendant with respect to the relevance of this case. The defendant has of late taken the position that the Qualified Written Request sent by the plaintiffs was in fact not a Qualified Written Request and that the plaintiffs are not entitled to pattern and practice discovery. The plaintiffs would show that under 2605(e) of the Mortgage Servicing Act found in the RESPA, the plaintiffs are entitled to recover actual damages, statutory damages, costs and reasonable attorney's fees. Part of the plaintiffs' burden to recover statutory damages is to prove a pattern and practice of noncompliance 12 USC 2605(f)(1)(B). The defendant contends that pattern and practice evidence applies only to the defendants acts against the plaintiffs and does not include whether or not the defendant fails to respond to any Qualified Written Request ever received from any borrower under any circumstance. In Ploog v. Homeside Lending, Inc, 2002 U.S. Dist. LEXIS 4646 (N.D. Ill. Mar. 18, 2002), the Court held that the plaintiff would be entitled to statutory damages based on the defendant's failure to respond to five Qualified Written Requests. In the case at bar, a portion of this claim is based upon the defendants failure to respond to a Qualified Written Request for the second time. This case arises after a previous successful suit for the first failure (among other theories asserted) to

respond to a Qualified Written Request. Obviously, the plaintiff needs to know when it has been alleged that the defendant failed to respond to a Qualified Written Request so that the plaintiff can seek competent evidence of a pattern and practice of noncompliance with the statute. The plaintiff adopts this argument as its argument for question 37 below.

37.   For each such suit, provide the style of the action including the case number and the jurisdiction of the action.

**RESPONSE:** Please refer to response to Interrogatory No. 36.

**ARGUMENT:**
Plaintiffs adopt their arguments provided in number 36 above.

38.   Please state the number of times either Wells Fargo or America's Servicing Company has been sued wherein it was alleged that the defendant violated the Fair Debt Collection Practices Act.

**RESPONSE:** Defendant objects to this request on the grounds that it calls for immaterial and irrelevant information, information that is not reasonably calculated to lead to the discovery of admissible evidence and it is not reasonably limited in time and scope. Please refer to response to Interrogatory No. 29.

**ARGUMENT:**
The plaintiffs adopt their argument in response to Interrogatory number 29 above.

39.   For each such suit, provide the style of the action including the case number and the jurisdiction of the action.

**RESPONSE:** Please refer to response to Interrogatory No. 38.

13

**ARGUMENT:**

The plaintiffs adopt their arguments within interrogatory number 29 above.

Based on the foregoing, the plaintiffs move Your Honor for an Order granting their motion to compel discovery of the above interrogatories numbered 25-29 and 36-39.

Done and filed this 26th day of October 2007.

                                                         _/s/_ Nick Wooten_____
                                                        Nick Wooten
                                                        Attorney for the Plaintiffs

**OF COUNSEL:**

Wooten Law Firm, P.C.
Trial Lawyers
P.O. Box 290
10 Second Avenue S.E.
LaFayette, AL  36862
Tel:     (334) 864-2132
Fax:    (334) 864-2133

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the Defendants by providing an electronic copy on this the 26th day of October 2007 to:

Keith Andress
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
420 N. 20th Street, Ste. 1600
Wachovia Tower
Birmingham, AL 35203

                                                        _/s/ Nick Wooten
                                                        OF COUNSEL